OPINION
{¶ 1} Plaintiffs-appellants, Mary E. DePizzo and Zachary S. Roch, appeal the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, overruling DePizzo's Motion for Extension of Time to File Plaintiff's Objection to Magistrate's Decision. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On August 23, 2003, DePizzo filed a Complaint to Establish Parent-Child Relationship and for Child Support and for Other Relief against Defendant-Appellee, Brian L. Stabile. Genetic testing established that defendant-appellee, Brian L. Stabile, was Roch's biological father. On December 8, 2005, a hearing was held before a magistrate of the Juvenile Court on the issue of whether DePizzo's claim for retroactive child support was barred by R.C. 3111.13(F)(3)(a).
 {¶ 3} On December 13, 2005, the magistrate issued his decision denying DePizzo's claims for retroactive support. The Magistrate's Decision contained the following: "The time limits for filing objections are limited. A party has fourteen (14) days to file written objections AFTER the decision has been filed OR NOT LATER THAN ten (10) after the first objections are filed. An affidavit of evidence is REQUIRED if no transcript is filed with the objections otherwise only objections as to law may be raised." The trial court adopted the magistrate's decision on the same day.
 {¶ 4} On December 27, 2005, DePizzo moved the court for additional time to file objections for the following reasons: "The Plaintiffs need time to first obtain a transcript of the hearing in this case. The Plaintiffs also need time to brief the issues in this case. The issues in this case are primarily legal issues."
 {¶ 5} On January 20, 2006, the trial court denied DePizzo's motion on the grounds that "per Juvenile Rule 40(3)(a) there is no provision for an extension of time."
 {¶ 6} DePizzo timely appeals and raises the following assignment of error: "The judgment of the trial court overruling the Plaintiffs-Appellants' motion for an extension of time to file their objection to the magistrate's decision was an abuse of discretion."
 {¶ 7} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge."State v. Unger (1981), 67 Ohio St.2d 65, paragraph one of the syllabus; State ex rel. Buck v. McCabe (1942),140 Ohio St. 535, paragraph one of the syllabus. "[A]n appellate court will not interfere with the exercise of this discretion unless the action of the court is plainly erroneous and constitutes a clear abuse of discretion." Buck, 140 Ohio St. at 538 (citation omitted). In many situations, a court will have acted within its discretion whether it granted or denied the continuance. "When applying the abuse of discretion standard [in these situations], a reviewing court is not free to merely substitute its judgment for that of the trial court." Fontanella v. Ambrosio, 11th Dist. No. 2001-T-0033, 2002-Ohio-3144, at ¶ 17 (emphasis sic) (citation omitted).
 {¶ 8} "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Unger,67 Ohio St.2d at 67, citing Ungar v. Sarafite (1964), 376 U.S. 575, 589.
 {¶ 9} The trial court denied DePizzo's motion on the grounds that former Juv.R. 40(E)(3)(a), now Juv.R. 40(D)(3)(b), did not provide for an extension of time for filing objections. While this is technically accurate, other provisions of the Juvenile Rules do grant the court discretion for extending the time for filing objections. "When an act is required or allowed to be performed at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefore is made before expiration of the period originally prescribed or of that period as extended by a previous order, or (2) upon motion permit the act to be done after expiration of the specified period if the failure to act on time was the result of excusable neglect or would result in injustice to a party * * *." Juv.R. 18(B).
 {¶ 10} We also note that, as of July 1, 2006, Juv.R. 40 expressly provides for extensions of time for parties to respond to magistrate's decisions. "For good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision. `Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision." Juv.R. 40(D)(5).[1]
 {¶ 11} Although the juvenile court was incorrect in its estimation of its ability to grant DePizzo's continuance, this issue is not dispositive of the appeal. It is a "universal tenet" of Ohio law, "that a reviewing court has a duty to affirm the trial court's judgment when the judgment is correct albeit based on the wrong reason." State v. Eschenauer, 11th Dist. No. 12-237, 1988 Ohio App. LEXIS 4479, at *7 (citation omitted);Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275,284 ("it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof").
 {¶ 12} The circumstances of the present case justify the denial of DePizzo's motion for an extension of time. DePizzo waited until the last day for filing objections to request additional time. There is no indication that DePizzo was unable to obtain a transcript or file objections within the fourteen-day period, only that she did not do so. Moreover, DePizzo acknowledged that her objections would raise legal issues, not factual ones. A transcript is not necessary to raise objections based on the magistrate's conclusions of law. Cf. Juv.R. 40(D)(3)(b)(iii) ("[a]n objection to a factual finding * * * shall be supported by a transcript"). If a transcript were unavailable, DePizzo could have supported her objections by filing an affidavit of evidence. Juv.R. 40(D)(3)(b)(iii) (providing that an "an affidavit of that evidence" may be submitted in support of objections "if a transcript is not available").
 {¶ 13} In sum, DePizzo did not demonstrate the existence of circumstances that prevented her from timely filing objections to the magistrate's decision. Parties are not entitled to extensions of time merely because they have timely requested an extension. Cf. In re Thut, 11th Dist. No. 2004-L-138, 2005-Ohio-4647, at ¶ 20 (upholding the denial of a timely-filed motion for extension of time to file objections). The sole assignment of error is without merit.
 {¶ 14} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, denying DePizzo's Motion for Extension of Time to File Plaintiff's Objection to Magistrate's Decision is affirmed.
Donald R. Ford, P.J., Cynthia Westcott Rice, J., concur.
[1] The amended rules also provide for an additional thirty days to provide the court with a transcript after the filing of objections. Juv.R. 40(D)(3)(b)(iii) ("The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.").