[Cite as *Parmertor v. Chardon Local Schools*, 2016-Ohio-761.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT PARMERTOR, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DANIEL PARMERTOR, DECEASED, et al., | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO.   2014-L-129** |
| Plaintiffs-Appellees/ Cross-Appellants, | : | |
| | : | |
| - vs - | : | |
| | : | |
| CHARDON LOCAL SCHOOLS, et al., | : | |
| | : | |
| Defendants/Cross-Appellees, | : | |
| | : | |
| JOSEPH BERGANT, II, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |
| _____ | : | |
| ROBERT PARMERTOR, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DANIEL PARMERTOR, DECEASED, et al., | : | **CASE NO.   2014-L-133** |
| | : | |
| Plaintiffs-Appellees/ Cross-Appellants, | : | |
| | : | |
| - vs - | : | |
| | : | |
| CHARDON LOCAL SCHOOLS, et al., | : | |
| | : | |
| Defendants/Cross-Appellees, | : | |
| | : | |
| BILL KERMAVNER, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

Civil Appeals from the Lake County Court of Common Pleas, Case No. 14 CV 000490.

Judgment: Affirmed.

*W. Craig Bashein*, Bashein & Bashein Co., L.P.A., and *Paul W. Flowers*, Paul W. Flowers Co., L.P.A., Terminal Tower, 35th Floor, 50 Public Square, Cleveland, OH 44113-2216; *Peter W. Marmaros*, Djordjevic, Casey & Marmaros, 17 S. Main St., Suite 201, Akron, OH 44308  (For Plaintiffs-Appellees/Cross-Appellants).

*John P. O'Neil*, Elk & Elk Co., Ltd., 6105 Parkland Boulevard, Suite 200, Mayfield Heights, OH 44124 (For Plaintiff-Appellee/Cross-Appellant Nick Walczak).

*Thomas E. Dover*, *Colleen A. Mountcastle*, and *Markus E. Apelis*, Gallagher, Sharp, Fulton & Norman, Sixth Floor, Bulkley Building, 1501 Euclid Avenue, Cleveland, OH 44115-2108 (For Defendants/Cross-Appellees Chardon Local Schools, et al.).

*Thomas J. Connick*, Connick Law, LLC, 25201 Chagrin Boulevard, Suite 375, Cleveland, OH 44122 (For Defendant/Cross-Appellee Karen Blankenship).

*David Kane Smith*, *Maria Pearlmutter*, and *Sarah E. Kutscher*, Smith Peters & Kalail Co., L.P.A., 3 Summit Park Drive, Suite 400, Cleveland, OH 44131-2582 (For Defendants-Appellants).

TIMOTHY P. CANNON, J.

{¶1}    The issues before the court in this consolidated appeal are two-fold: (1) whether the Lake County Court of Common Pleas properly dismissed various claims alleged in the underlying civil complaint, pursuant to Civ.R. 12(C), and (2) whether the trial court properly denied dismissal of other claims.  For the reasons discussed below, we affirm the trial court's judgment.

{¶2}    This case emanates from the tragic shooting at Chardon High School where three students died, another was paralyzed, and two others were injured. Plaintiffs Robert and Dina Parmertor, each Individually and as Administrators of the Estate of Daniel Parmertor, deceased; Jeannie King, Individually and as Administratrix of the Estate of Russell King, Jr., deceased; Russell King; Todd M. McKenney,

2

Administrator of the Estate of Demetrius Hewlin, deceased; Phyllis Ferguson; and Nick Walczak (collectively plaintiffs-appellees/cross-appellants) filed a complaint against School Employee Defendants: Joseph Bergant II, Superintendant at Chardon High School; Dana Stearns, Director of Operations at Chardon High School; Andy Fetchik, Principal at Chardon High School; Drew Trimble, Assistant Principal at Chardon High School; Michael J. Sedlak, Assistant Principal at Chardon High School (collectively defendants-appellants); Chardon Board of Education; Chardon Local School District Board of Education; Chardon Local Schools; Chardon Local School District; Chardon High School; Chardon School Board Members: Debbie Seenarine-Wilson; Blake Rear; Cindy Sague; Karen Blankenship; David Fairbanks; Paul Stefanko; Guy Wilson; Larry Reiter (collectively defendants/cross-appellees); Administrator Defendants Bill Kermavner, Director of Lake Academy and employee of Lake County Educational Service Center; John Weiss, Director of Lake Academy and employee of Lake County Educational Service Center; and Brian Bontempo, Superintendent and employee of Lake County Educational Service Center (collectively defendants-appellants).[1]

{¶3} The complaint asserts claims against all defendants for Wrongful Death; Negligence and Recklessness; Conscious Disregard, Malice, Willful and Wanton Misconduct; Survivorship; and Loss of Consortium in connection with the deaths of Daniel Parmertor, Russell King, Jr., and Demetrius Hewlin. Plaintiff Nick Walczak asserts claims against all defendants of Negligence and Recklessness, and Conscious Disregard, Malice, and Willful and Wanton Misconduct.

{¶4} The complaint alleges the following:

---

1. Other named defendants were dismissed. Plaintiffs-appellees/cross-appellants have not appealed dismissal of those named parties.

3

On February 27, 2012, a shooting perpetrated by nonparty Thomas M. Lane, III ("Lane") occurred at Chardon High School. Lane was a student at Lake Academy, an alternative school for at-risk students with serious academic or behavioral problems. For the daily trip to school, Lane was required to change buses at Chardon High School. On February 27, 2012, while awaiting a transfer bus to Lake Academy, Lane entered the Chardon High School cafeteria carrying a .22 caliber semi-automatic handgun, fired ten rounds of ammunition, and shot six students. The shooting resulted in the deaths of three students, Daniel Parmertor, Russell King, Jr., and Demetrius Hewlin, and caused serious permanent injuries to Plaintiff Nick Walczak.

Plaintiffs allege that Lane was a known at-risk student who was mentally unstable, had committed acts of violence on prior occasions, and was at high risk for committing violent acts.

{¶5} Separate answers were filed by various groups of defendants who are now parties to this appeal. The answers, for purposes of this appeal, all admitted the status of the party as a political subdivision or as a board member or employee of a political subdivision. All answers also asserted the affirmative defense of statutory immunity. Separate motions for judgment on the pleadings, pursuant to Civ.R. 12(C), were filed by various defendants. The trial court granted (1) the separate motion of Chardon Local Schools, Chardon Local School District, and Chardon High School; (2) the separate motion of Chardon Board of Education Members Blankenship, Fairbanks, Stefanko, Wilson, Seenarine-Wilson, Rear, Sague, and Reiter; and (3) the separate motion of Lake Academy Alternative School, Lake Academy Alternative School-Lake County Educational Service Center, Lake Academy, and Lake County Educational Service Center, and it dismissed these last four defendants. The trial court also granted (1) the separate motion of Administrators Bergant, II, Stearns, Fetchik, Trimble, and Sedlak; and (2) the separate motion on behalf of Kermavner, Weiss, and Bontempo as to plaintiffs' negligence claims but denied these motions as to the remainder of the complaint.

4

**Standard of Review**

{¶6} Civ.R. 12(C) motions are specifically used for resolving questions of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

> 'Because Civ.R. 12(C) motions test the legal basis for the claims asserted in a complaint, our standard of review is de novo. In ruling on the motion, a court is permitted to consider both the complaint and the answer as well as any material incorporated by reference or attached as exhibits to those pleadings. In so doing, the court must construe the material allegations in the complaint, with all reasonable inferences drawn therefrom, as true and in favor of the non-moving party. A court granting the motion must find that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief.'

*JTO, Inc. v. State Auto. Mut. Ins. Co.*, 194 Ohio App.3d 319, 2011-Ohio-1452, ¶11 (11th Dist.), quoting *Frazier v. Kent*, 11th Dist. Portage Nos. 2004-P-0077 & 2004-P-0096, 2005-Ohio-5413, ¶14.

{¶7} In *Ganzhorn v. R & T Fence Co.*, this court stated:

> The distinction in this analysis is clear: while we construe all of the allegations as true in the complaint, and we may *consider* the responses and affirmative defenses raised in the answer, those are not entitled to any inferences. In other words, the assertion of an affirmative defense does not place a burden on the non-moving party to affirmatively demonstrate or plead the absence of, or any exception to, immunity.

11th Dist. Portage No. 2010-P-0059, 2011-Ohio-6851, ¶13 (emphasis sic).

**R.C. Chapter 2744**

{¶8} The pleadings in this case establish that the defendants are either political subdivisions, or board members or employees of political subdivisions. They further establish, as alleged, that at all times material for purposes of the complaint, the individually named defendants were acting in the course and scope of their employment or duties as board members or employees. Those particular allegations are not

5

disputed, and immunity has been raised as a defense. Therefore, on review, we are able to examine the allegations in the complaint and address any applicable immunity.

{¶9} Generally, political subdivisions are immune from civil liability. *See* R.C. 2744.02(A). If one of the exceptions outlined in R.C. 2744.02(B) is applicable, however, a political subdivision may be subject to civil liability. An employee of a political subdivision, while being entitled to a general grant of immunity, may also be held civilly liable if one of the circumstances outlined in R.C. 2744.03(A)(6) applies.

{¶10} R.C. Chapter 2744 provides a three-step test to determine whether a political subdivision enjoys immunity. First, R.C. 2744.02(A) provides broad immunity to political subdivisions: "'political subdivisions are not liable generally for injury or death to persons in connection with a township's performance of a governmental or proprietary function.'" *Cosimi v. Koski Constr. Co.*, 11th Dist. Ashtabula No. 2008-A-0075, 2009-Ohio-5892, ¶64, quoting *Howard v. Miami Twp. Fire Div.*, 119 Ohio St.3d 1, 2008-Ohio-2792, ¶18. Second, exceptions to immunity are listed in R.C. 2744.02(B). Third, where one of the exceptions enumerated in R.C. 2744.02(B) is applicable, "a political subdivision or its employee can then 'revive' the defense of immunity by demonstrating the applicability of one of the defenses found in R.C. 2744.03." *Walker v. Jefferson Cty. Bd. of Commrs.*, 7th Dist. Jefferson No. 02JE14, 2003-Ohio-3490, ¶22.

**Political Subdivision Immunity**

{¶11} The trial court partially granted the motions to dismiss as noted above. We first address plaintiffs-appellees'/cross-appellants' (herein referred to as "Plaintiffs") first assignment of error on cross-appeal, which states:

{¶12} "The trial court erred, as a matter of law, by dismissing the claims that had been brought against the Board in accordance with the exception to immunity set forth in R.C. 2744.02(B)(4)."

{¶13} Plaintiffs assert an exception to the general grant of immunity to the Board by operation of R.C. 2744.02(B)(4), which provides:

> Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

{¶14} Thus, R.C. 2744.02(B)(4) removes the general immunity conferred on political subdivisions performing a governmental function if the injury is "'1) caused by employee negligence, 2) on the grounds or in buildings used in connection [with] that governmental activity, and 3) due to physical defects on or within those grounds or buildings. *All of these characteristics must be present.*'" *Duncan v. Cuyahoga Cmty. College*, 8th Dist. Cuyahoga No. 97222, 2012-Ohio-1949, ¶26 (emphasis sic), quoting *Hamrick v. Bryan City School Dist.*, 6th Dist. Williams No. WM-10-014, 2011-Ohio-2572, ¶25.

{¶15} Plaintiffs' complaint alleged, inter alia, that the shooting incident occurred within and on the grounds of public buildings used for governmental functions and was due, at least in part, to employee and board negligence as well as physical defects to the property. The alleged physical defects entail the political subdivision's, or its employees', failure to furnish safety features and equipment necessary to eliminate the physically hazardous condition of the school cafeteria and surrounding grounds. In

7

Plaintiffs' estimation, modifications or improvements to the existing design of the grounds would have deterred, if not completely prevented, the fatal shooting that, they allege, was both foreseeable and preventable.

{¶16} R.C. 2744.02(B)(4) requires the injuries at issue to be caused *both* by a political-subdivision employee's negligence *and* a physical defect on the grounds. Plaintiffs allege the Board or its employees were negligent in failing to remedy a purportedly hazardous condition on the grounds. They argue this alleged "physical defect" was, at least, partially responsible for the injuries that resulted from the attack. Plaintiffs' complaint does not identify the actual and specific causes of the injuries, a matter necessary to establish the first prong of the R.C. 2744.02(B)(4) exception analysis.

{¶17} No one disputes the injuries in question were a result of the deliberate actions of a third-party gunman, i.e., Lane. Plaintiffs' complaint notes that Lane brought a semi-automatic handgun into the school; he subsequently fired a total of 10 rounds of ammunition, shooting six students. Nothing in Plaintiffs' complaint alleges the Board or any of its employees had any unreasonable or lackadaisical policies relating to students carrying weapons or firearms on the grounds, let alone into the school. The complaint essentially concedes that Lane independently engineered the attack and he was the sole, direct cause of the actual injuries sustained by the victims.

{¶18} The deficiency in the complaint with regard to the exception is whether the injuries were due to a "physical defect" on the grounds. Plaintiffs' complaint alleges the Board or its employees were negligent in failing to provide adequate security in the cafeteria and on the grounds; they maintain this alleged defect, if addressed, would

have deterred or prevented the attack. According to Plaintiffs, these allegations, viewed in their favor, were sufficient to overcome the Civ.R. 12(C) motion. We do not agree.

{¶19} The Eighth Appellate District recently addressed a similar issue in *Moncrief v. Bohn*, 8th Dist. Cuyahoga No. 100339, 2014-Ohio-837. In *Moncrief*, the Cuyahoga County Metropolitan Housing Authority ("CMHA"), a political subdivision, owned, maintained, and managed a building in which the victim resided. The victim was murdered on the grounds. The victim's father, Moncrief, filed a wrongful death action against the CMHA, inter alia. The CMHA moved to dismiss the complaint, pursuant to Civ.R. 12(B)(6), arguing it was immune pursuant to R.C. Chapter 2744. The trial court granted the motion. *Id.* at ¶1-3.

{¶20} On appeal, Moncrief argued an exception to immunity applied pursuant to R.C. 2744.02(B)(4). *Id.* at ¶11. In his complaint, he alleged the CMHA's employees were negligent in failing to maintain adequate security on the premises. He further alleged that the employees were responsible for a "defect and/or dangerous condition and/or nuisance" on the premises. The alleged "defect" or "dangerous condition" referred to the lack of sufficient security on the premises because, pursuant to the complaint, the victim was injured by a third-party murderer. *Id.* at ¶16.

{¶21} The Eighth Appellate District rejected Moncrief's argument. The court underscored that the meaning of "physical defect" is not set forth in the statute. It accordingly defined the phrase by its common meaning, to wit:

> 'The word "physical" is defined as "having a material existence: perceptible especially through senses and subject to the laws of nature." *Merriam Webster's New Collegiate Dictionary*, 877 (10th Ed.1996). A "defect" is "an imperfection that impairs worth or utility." *Id.* at 302. It would seem then that a "physical defect" is a perceivable imperfection that diminishes the worth or utility of the object at issue.'

9

*Id.* at ¶15, quoting *Duncan*, *supra*, at ¶26, quoting *Hamrick*, *supra*, at ¶25.

**{¶22}** With the guidance of this definition, the Eighth District concluded that the victim "was not injured or killed by any 'perceivable imperfection that diminishes the worth or utility of the object at issue,'" i.e., the CMHA grounds or buildings. *Id.* at ¶16. The injury was a result of a third-party murderer, and therefore, the court held, the exception to immunity set forth in R.C. 2744.02(B)(4) was inapplicable. *Id.*

**{¶23}** The allegations in this matter are similar to those in *Moncrief*. Like the court in *Moncrief*, we hold the injuries sustained by the victims in this case were not a function of a "perceivable imperfection that diminishes the worth or utility of the object at issue." *Id.* First, the lack of some hypothetical added security measure cannot be deemed a "perceivable imperfection." Courts have determined that premises are not considered physically defective based solely upon an allegation that modifications or improvements may render them safer. *See Piispanen v. Carter*, 11th Dist. Lake No. 2005-L-133, 2006-Ohio-2382, ¶21 (an assault on school grounds was not the result of a physical defect on the grounds, even though the plaintiff alleged the assault was a result of the board's failure to provide a safe and secure environment and failure to warn of the danger posed by the assailant). *See also Duncun*, *supra*, at ¶27 (community college's failure to use mats on floors while conducting a self-defense class was not a "physical defect" as used in R.C. 2744.02(B)(4)); *Hamrick*, *supra*, at ¶29 (a bus-garage service pit into which the plaintiff fell was not a physical imperfection and thus not a defect for purposes of removing immunity under R.C. 2744.02(B)(4)). Furthermore, even if we assume the absence of some additional security measure or system is somehow a perceivable imperfection, it is not clear how the worth and utility of the cafeteria and grounds were diminished by this absence.

10

{¶24} As discussed above, the injuries at issue were a result of the intentional actions of a third-party gunman whose conduct directly caused the injuries. There is no allegation in the complaint establishing the injuries were caused by a physical defect on or within the school grounds as contemplated by the statute. Plaintiffs have failed to make allegations that would overcome the Board's general immunity to suit under R.C. Chapter 2744.

{¶25} Plaintiffs' first assignment of error on cross-appeal is without merit.

{¶26} Plaintiffs' second assignment of error on cross-appeal provides:

{¶27} "The trial court erred, as a matter of law, by concluding that the members of the Chardon Board of Education had been sued strictly in their official capacities and were entitled to immediate dismissal."

**Political Subdivision Employee Immunity**

{¶28} Immunity is extended to claims against individual employees of political subdivisions. The court must address R.C. 2744.03(A)(6) for claims against individual employees. Under R.C. 2744.03(A)(6), an employee of a political subdivision is immune from liability unless (1) the employee's acts or omissions are manifestly outside the scope of the employee's employment or official responsibilities; (2) the employee's acts or omissions were malicious, in bad faith, or wanton or reckless; or (3) liability is expressly imposed on the employee by a section of the Revised Code. However, as the trial court noted, it is clear that when the agent of the political subdivision is the elected office holder, and sued in his or her official capacity, he or she is entitled to the same immunity as the political subdivision under R.C. 2744.02.

{¶29} The Supreme Court of Ohio has held "[t]he political-subdivision-immunity analysis set forth in R.C. 2744.02 applies to lawsuits in which the named defendant

holds an elected office within a political subdivision and that officeholder is sued in his or her official capacity." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, paragraph two of the syllabus. In *Lambert*, the Court also noted that, although the plaintiffs in that matter claimed to sue the employee-defendant in his individual capacity for an intentional tort, they failed to allege the employee-defendant engaged in any personal actions that could impute liability for an intentional tort. *Id.* at ¶16. This point was instrumental in the Court concluding the complaint in that case asserted claims against the defendant in his official, rather than individual, capacity. *Id.*

{¶30} Plaintiffs argue the trial court erred in dismissing the individual board members because the complaint named the board members in their individual capacity. Moreover, they alleged that all defendants, including the individual board members, acted with conscious disregard and malice, as well as willfully and wantonly, in failing to properly warn the victims and secure the grounds. Construing the allegations in their favor, Plaintiffs maintain this court should reverse the trial court's decision. We do not agree.

{¶31} Even though Plaintiffs' complaint listed the board members individually, without reference to their official capacity, "the caption of the Complaint does not control the nature of the claims." *Baltes Commer. Realty v. Harrison*, 2d Dist. Montgomery No. 23177, 2009-Ohio-5868, ¶38, citing *Morris v. Children's Hosp. Med. Ctr.*, 73 Ohio App.3d 437, 440-441 (1st Dist.1991). "'It is, instead, the substance of the pleading that determines its operative effect.'" *Id.*

{¶32} The trial court correctly found that, even though Plaintiffs alleged counts sounding in intentional tort against all defendants, their complaint specifically stated: "[a]t all times relevant herein, Defendants [Chardon Board Members] are either current

and/or former members of Defendants Chardon Board of Education or Chardon Local Schools Board of Education, and pursuant thereto, *were acting in the course and scope of their duties as board members*." (Emphasis added.) Plaintiffs' general allegation that "all Defendants" committed intentional torts does not mention the individual board members, only "Chardon Local Schools, and their employees and Board." However, as stated, the complaint alleges that at all times material to the lawsuit their conduct was within the scope of their duties as board members. Because the substance of the pleading fails to specifically allege the board members transcended their official duties, we must conclude, from the face of the complaint, the board members were sued in their official capacity. Plaintiffs' allegations state the board members were acting in their official capacity; moreover, there are no allegations that any of the board members took any personal actions that would indicate intentional or reckless conduct that could create a causal nexus between them individually and the injuries that resulted from the incident.

{¶33} Under *Lambert,* these elected officials are entitled to the same immunity as the Board. Pursuant to our disposition of Plaintiffs' first assignment of error on cross-appeal, we hold no exception to the general grant of immunity applies to the allegations against the board members in Plaintiffs' complaint. Thus, the trial court properly dismissed the named board members as parties.

**Motion to Amend Complaint**

{¶34} Finally, Plaintiffs contend that, even if the trial court did not err in drawing the substantive conclusion that the board members were sued in their official capacity, it nevertheless erred by failing to grant their "conditional motion to amend" the complaint. We do not agree.

13

**{¶35}** Civ.R. 15(A) provides that leave of court shall be freely given when justice so requires; however, there is no unconditional right to amend a complaint. *See Kinchen v. Mays*, 8th Dist. Cuyahoga No. 100672, 2014-Ohio-3325, ¶17. "Where a plaintiff fails to make a *prima facie* showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading." *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120 (1991), syllabus; *see also Townsend v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 11AP-672, 2012-Ohio-2945, ¶34; *Kinchen*, *supra*, at ¶17. This requirement ensures that a proposed amendment is not a delay tactic or one which would cause prejudice to the opposing party. *Darby v. A-Best Prod.*, 102 Ohio St.3d 410, 2004-Ohio-3720, ¶20, citing *Wilmington Steel*, *supra*, at 122.

**{¶36}** In its memorandum in opposition to the Civ.R. 12(C) motions, Plaintiffs argued their complaint set forth sufficient allegations to overcome the motion as it related to dismissal of the individual board members. It also requested the opportunity to amend the complaint if the court found the same deficient. Plaintiffs neither submitted an amended complaint for filing instanter nor indicated what facts or allegations they would offer to cure any potential defects. Plaintiffs left these details for the court to resolve. In sum, Plaintiffs failed to make a persuasive argument establishing support for any proposed amendment; they left it to the trial court to decide what should be done to cure this defect. Under the circumstances, the trial court did not abuse its discretion in denying the conditional motion to amend.

**{¶37}** Plaintiffs' second assignment of error on cross-appeal is without merit.

**Motion for Judgment on the Pleadings**

**{¶38}** We shall next address defendants-appellants' assignments of error.

14

**{¶39}** Defendants-appellants-employees ("Employees") assign the following error for this court's review:

**{¶40}** "The trial court erred by denying the Chardon School Employees' motion for judgment on the pleadings."

**{¶41}** Defendants-appellants-administrators ("Administrators") assign the following two errors for our review:

> [1.] The trial court erred in denying political subdivision immunity to the administrators.
>
> [2.] The trial court erred by not dismissing the claims against the administrators as redundant allegations against the educational service center.

**{¶42}** The trial court granted judgment in favor of the individually named Administrators and Employees with regard to the claims of negligence. Both the Administrators and Employees contend judgment should have been granted on the pleadings for the remaining claims. Because the foregoing assignments of error raise the same legal issues and similar arguments, they shall be addressed together. First, both the Employees and Administrators argue Plaintiffs' complaint made allegations relating to their official capacity. Hence, they maintain, the trial court erred in failing to dismiss Plaintiffs' claim alleging they should be held individually liable for their purported acts or omissions that occurred willfully and wantonly, with conscious disregard and malice.

**{¶43}** We first point out that, in its judgment entry, the trial court acknowledged the Employees' and Administrators' argument that the complaint, as drafted, indicated they were being sued only in their official capacities. As a result, the trial court proceeded to an R.C. 2744.03(A)(6) analysis, which provides an exception to the

15

immunity of an employee of a political subdivision if his or her acts or omissions occurred with malicious purpose, in bad faith, or in a wanton or reckless manner.

**{¶44}** As discussed above, simply because Plaintiffs' complaint lists the Employees and Administrators only in their official capacity, it is the substance of a complaint, not its caption, that controls the essence of the claims. *Baltes Commer. Realty*, *supra*, at ¶38.

**{¶45}** Plaintiffs' complaint alleges that each individual Employee and Administrator was, at all relevant times, acting in the course and scope of his or her employment. Plaintiffs' complaint claims that each Employee and Administrator acted in a "reckless, malicious, willful, and wanton manner" in failing to provide adequate security in the school. The complaint further claims the Chardon Administrators and Employees had been warned of the need for additional security at the school; that they willingly and knowingly failed to provide adequate security; that the perpetrator was "mentally unstable and high risk for committing violent acts"; and that the attack was foreseeable and preventable. They claim, inter alia, the Lake Academy Administrators and Employees failed to properly evaluate and warn of the perpetrator's at-risk propensity to commit violent acts toward others. The allegations include claims that the conduct of all the various named Administrators and Employees was done in a negligent, reckless, willful and wanton manner.

**{¶46}** "Malice" is characterized by "hatred, ill will or a spirit of revenge" or "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St.3d 334, 336 (1987). "Wanton" misconduct is the failure to exercise any care whatsoever towards those to whom a duty of care is owed under circumstances where there is a great

16

probability that harm will occur. *Hawkins v. Ivy*, 50 Ohio St.2d 114, 117-118 (1977). "Reckless" conduct includes actions where one possesses a "perverse disregard of a known risk" and where the actor is conscious that his conduct will probably result in injury. *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, ¶73-74; *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, paragraph four of the syllabus (reckless conduct is "substantially greater than negligent conduct"). As to "willful misconduct," it "implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposely doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." *Tighe v. Diamond*, 149 Ohio St. 520, 527 (1948).

{¶47} Both the Employees and the Administrators assert on appeal that because the allegations in the complaint were asserted against them in their official capacity, the claims against them should be treated as "redundant when the principal entity is also named as a defendant." R.C. 2744.03(A)(6), however, sets forth the various reasons why an employee can lose immunity. The first two subsections of that section state:

> In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
>
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]

{¶48} First, in this case, the principal entity is not a party as the motion for judgment on the pleadings on behalf of the principal defendants was granted and affirmed herein. Second, the statute clearly states that immunity is lost when the employee acts outside the scope of employment. Separately, the statute provides that

17

immunity is lost when the employee's acts were with malicious purpose, in bad faith, wanton, or reckless. The statute contemplates that an employee can act with a malicious purpose, in bad faith, in a wanton or reckless manner, while still acting within the course and scope of employment.

{¶49} With regard to the sufficiency of the allegations in the complaint to withstand a motion for judgment on the pleadings, the trial court held the complaint, while very general in its allegations, was sufficient to overcome a motion for judgment on the pleadings. We agree. The Employees and Administrators contend Plaintiffs were required to provide specific allegations as to the conduct of the individual defendants. Civ.R. 8 requires only a "short and plain statement of the claim" and a demand for judgment. In addition, Civ.R. 9 addresses pleading of matters involving state of mind. It provides:

> (B) Fraud, mistake, condition of the mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. *Malice, intent, knowledge, and other condition of mind of a person may be averred generally*.

(Emphasis added.)

{¶50} The Employees' and Administrators' contention that this complaint must allege specific facts is not well taken.

{¶51} In Plaintiffs' brief, they state: "Plaintiffs have no way of knowing what each individual Defendant knew or did * * *. If Defendants still feel that there is no proof they did anything wrong * * * they will certainly be entitled to seek summary judgment through Civ.R. 56." On one hand, Plaintiffs have made serious and sweeping allegations of misconduct on the part of the school Administrators and Employees. On the other hand, they argue they cannot state any further allegations with specificity because they "have no way of knowing" what any individual defendant did or did not do.

18

That seems to contradict the representation that there is a good faith belief in the truth of the allegations contained in the complaint, as contemplated by Civ.R. 11. Nevertheless, Plaintiffs were not required to plead the Employees' and Administrators' mental states with particularity. It would be premature to dismiss the allegations as insufficient at this stage of the proceedings.

{¶52} The Employees' and Administrators' assignments of error are not well-taken.

{¶53} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

19