[Cite as *Redding v. United States Parachute Assn., Inc.*, 2023-Ohio-884.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

WESLEY REDDING,

        Plaintiff-Appellant,

    - vs -

UNITED STATES PARACHUTE
ASSOCIATION, INC., et al.,

        Defendants-Appellees.

**CASE NO. 2022-G-0024**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 P 000753

---

## O P I N I O N

Decided: March 20, 2023
Judgment: Affirmed in part, reversed in part, and remanded

---

*Wesley Redding,* pro se, 338 Irma Drive, Chardon, OH 44024 (Plaintiff-Appellant).

*Tyler Tarney* and *Eric Leist,* Gordon Rees Scully Mansukhani, LLP, 41 South High Street, Suite 2495, Columbus, OH 43215 (For Defendants-Appellees).

JAMES A. BROGAN, J., Ret., Second Appellate District, sitting by assignment.

{¶1} Appellant, Wesley Redding, has filed the instant pro se appeal from the judgment of the Geauga County Court of Common Pleas. In general, appellant challenges the trial court's dismissal of his multi-cause-of-action complaint. For the reasons discussed in this opinion, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.

{¶2} The underlying complaint is premised upon appellant's allegation that he was wrongfully denied membership in the United States Parachute Association ("USPA"). The named defendants and appellees herein are as follows: USPA, Sherry Butcher,

Marcie Anne Smith, AerOhio Skydiving Center, and Cleveland Skydiving Center (collectively "appellees"). In his complaint, appellant asserts he was a member of the USPA from March 31, 2004 through June 30, 2021. After his membership expired, on July 2, 2021, he attempted to renew his membership, but was denied.

{¶3} Appellant's complaint generally claims that appellees wrongfully refused to renew his membership, in violation of USPA's Governance Manual ("Manual"), in violation of Ohio law, and in retaliation for filing various complaints with the Federal Aviation Administration ("FAA"). In particular, the complaint asserts appellees breached a contract between themselves and appellant; appellees were negligent; they violated R.C. 1729.24; they violated the Sarbanes-Oxley Act; they intentionally interfered with a business interest; they breached a duty of good faith and fair dealing; and they violated R.C. 4113.52, Ohio's Whistleblower statue. Appellant additionally sought injunctive relief.

{¶4} Appellees filed a motion to dismiss based upon Civ.R. 12(B)(6). Appellees specifically broke down each claim in appellant's complaint and argued that, viewing the allegations in his favor, no set of facts would entitle him to relief. Appellant duly opposed the motion. In his memorandum in opposition, appellant simply argued that USPA, by permitting appellant to participate in an appeal of his membership via the *"non-member"* administrative process, appellees were not entitled to argue the Manual was inapplicable to the parties' relationship. The trial court converted appellees' motion into a motion for judgment on the pleadings pursuant to Civ.R. 12(C). After considering the parties' relative arguments, the trial court concluded that no genuine issue of material fact existed that would entitle him to relief on any of the claims. The complaint was therefore dismissed. Appellant now appeals and assigns six errors for this court's review. His first provides:

2

The trial court abused it's discretion by committing fraud and excusable neglect against plaintiff-appellant in granting defendants-appellees' motion to dismiss, as defendants' motion is a fraud under Civ. R 60(B)(1) - (5), pursuant to R.C § 2913.01(A) - (C), and R.C. § 2913.43(A) - (B). The trial court specifically state (1) "Nowhere does Redding allege that a contract exists between non-members and any of the defendants" (T.d 41, p. 3, ¶3) ; (2) "there is no alleged contract between Redding and any of the defendants" (T.d 41, p. 4, ¶4); and (3) "Redding has not alleged the existence, or submitted evidence of a binding contract between the parties" (T. d. 41, p. 9, ¶1). Defendants-appellees' exhibit "A", the USP A Governance Manual, Appendix C Section 1 states "In a membership organization like the USPA, disciplinary proceedings and other disputes are best resolved within the organization. Accordingly, the USPA's Board of Directors has adopted this policy as part of USPA's members' contracts of membership with the USPA (including group members' contracts of membership) to encourage resolution within the organization" (T.d. 18, p. 99, ¶2). The USPA Governance Manual is a contract bound by the laws of this state pursuant to R.C 2307.39. Additionally, "Since it is not possible for USPA to revoke the membership and ratings of a non-current member" (T.d. 18, p. 42, ¶9), plaintiff-appellant was indisputably "a member of the USPA from March 31, 2004 through June 30, 2021" (T.d. 41, p. 2 ¶3). Therefore, the trial courts statements are fraudulent as plaintiff-appellant was "a member" and the Governance Manual is a contract between USPA and it's members. Further, the trial court's fraudulent statements defrauded the trial court. Consequently, the trial court committed fraud, excusable neglect, or other misconduct under Civ. R. 60(B)(1) - (5) pursuant to R.C § 2913.01(A) - (C), and R.C. § 2913.43(A) - (B), which deprived plaintiff-appellant's substantial right to a jury trial under R.C § 2505.02(B) and R.C § 2505.02(B)(1) in which a pecuniary obligation, the complaint, is incurred. (Sic throughout.)

{¶5} Given its rambling nature and arbitrary citation to the civil rules and inapplicable statutes, it is difficult to discern, from the assigned error alone, the nature of appellant's argument. In the body of his argument, however, appellant asserts that the trial court committed fraud and excusable neglect in granting appellees' motion to dismiss. In particular, appellant asserts appellees' "motion is a 'fraud'" under Civ.R. 60(B)(1) - (5); the motion is somehow, by definition, a criminal fraud pursuant to R.C. 2913.01(A); and the motion amounts to the crime of "securing a writing by fraud," in violation of R.C.

3

Case No. 2022-G-0024

2913.43(A) and (B). Appellant claims that appellees' motion to dismiss is based upon fraudulent (criminal or otherwise) statements which deprived him of the substantial right to a jury trial. In support of this point, he cites R.C. 2505.02(B), the statute governing final, appealable orders.

{¶6} Initially, none of the above arguments were raised in appellant's memorandum in opposition to appellees' motion to dismiss. A party who does not bring an alleged error to the trial court's attention forfeits the right to challenge that error on appeal. *See, e.g., Ashmore v. Eversole,* 2d Dist. Montgomery No. 15672, 1996 WL 685568, *6 (Nov. 29, 1996). Even where the challenge has been forfeited, however, an appellate court may recognize plain error. *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. The plain error doctrine, in the context of civil cases, is only to be used "in the extremely rare case involving exceptional circumstances" where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id*. Absent plain error, this court can only address arguments specifically passed on by the trial court. In this matter, we discern no plain error.

{¶7} First, Civ.R. 60(B) addresses motions for relief from a final judgment. Appellant did not file a Civ.R. 60(B) motion. It is therefore inapplicable.

{¶8} Further, there were no intimations in appellant's complaint that appellees engaged in any criminal conduct or that any criminal investigation vis-à-vis fraud occurred. Hence, appellant's reference to Ohio's criminal code is also inapposite.

{¶9} Finally, R.C. 2505.02(B) discusses matters that "affect a substantial right" in relation to whether an order from a trial court is either final and appealable or

4

interlocutory. That statute, however, is not germane to the content of appellees' argumentation in their motion to dismiss. It is therefore irrelevant to the trial court's decision granting appellees' motion to dismiss.

{¶10} With respect to appellant's assertion that appellees' motion to dismiss made "fraudulent allegations," appellant cites the following points: (1) "But nowhere in the manual does it state that it is a binding contract between USPA and members."; (2) "Plaintiff contract claims fail because, even if there was a contract he was not a member at the time the alleged breach occurred"; and (3) "However, the conduct which Plaintiff alleges constituted a breach occurred after Plaintiff sought to renew his membership on July 2, 2021." Appellant fails to argue, let alone demonstrate, how any of the foregoing statements were false or made with any intent to mislead the court. As a result, his claim that appellees' representations were fraudulent is without merit.

{¶11} Appellant next contends the trial court erred in granting appellees' motion to dismiss because it improperly relied upon appellees' statements that no contractual relationship existed between appellant and USPA. He asserts (1) he previously *had* a membership with USPA; (2) he attempted to renew his membership within 30 days of its expiration as provided by the Manual, Section 1-1, Art. 1, Section 4; (3) his membership was revoked pursuant to an administrative process provided by Art. 1, Section 6.4(F)(2) of the Manual; and (4) as a result, he established a prima facie contractual relationship between himself and appellees.

{¶12} Initially, it would appear some of the named appellees were likely not directly involved in revoking appellant's USPA membership. The Manual speaks to the

5

Case No. 2022-G-0024

manner in which the USPA addresses its members and what rights and obligations USPA and its members might share. Art. 1, Section 4 addresses "Delinquencies," and provides:

> Notification of failure to pay indebtedness, other than dues, to USPA, when due, shall be sent to the delinquent member within thirty (30) days following USPA notification of the delinquency. If the said indebtedness shall not have been paid within thirty (30) days after mailing of the notice, the membership of said individual or group shall be terminated.

{¶13} This provision addresses "indebtedness," not "dues," which, according to the Manual, every *member* must pay. Art. 1, Section 7. In this respect, appellant's attempt to renew his membership after its expiration does not apply. Moreover, Art. 1, Section 4 concerns itself with USPA's obligation to notify an indebted (delinquent) *member* of the debt within 30 days of its awareness of the delinquency. To the point, the section does not afford a former or an inactive member 30 days from the date of his or her membership expiration to pay his or her dues for membership. In short, Art. 1, Section 4 is inapplicable to appellant's situation.

{¶14} Additionally, even though USPA did not renew appellant's membership pursuant to the Manual, this does not imply he was somehow an imputed "member" of USPA. To the contrary, Art. 1, Section 6.4(F)(2) sets forth procedural channels for "a disciplinary investigation" of "Non-Members." It would seem, from the face of the allegations in the complaint, that USPA followed these procedures. *See* Complaint, ¶28-29.

{¶15} The Manual draws a distinction between disciplinary actions for members and non-members. The Manual, in discussing non-member potential renewals, points out that "[s]ince it is not possible for USPA to revoke the membership and ratings of a non-current member, the board would need to examine the situation to determine if it

6

would be deemed reasonable to allow the expired member to renew membership and ratings." Art.1, Section 6.4(F)(3). It is undisputed that, at the time appellant sought renewal, he was not a "current member." "To have a valid and enforceable contract there must be an offer by one party and an acceptance of the offer by another." *Huffman v. Kazak Bros., Inc.*, 11th Dist. Lake No. 2000-L-152, 2002 WL 549858, *4 (Apr.12, 2002). By seeking renewal, appellant presented USPA an offer, which was rejected. In light of the factual allegations, appellant, as a non-member, is not entitled to rely upon USPA's compliance with the Manual as a basis for his claim that he and appellees had some contractual relationship which was breached by USPA's decision not to renew membership. He offered to renew his membership and the offer was rejected. As a matter of law, there was no contract.

{¶16} Appellant's first assignment of error lacks merit.

{¶17} Appellant's second assigned error reads:

> The trial court abused it's discretion by committing fraud and excusable neglect against plaintiff-appellant in granting defendants-appellees' motion to dismiss, as defendants' motion is a fraud under Civ. R 60(B)(1) - (5), pursuant to R.C § 2913.01 (A) - (C), and R.C. § 2913.43(A) - (B). Defendants-appellees' statement in their motion to dismiss "The USPA made this decision pursuant to the procedures applicable to non-members set forth in Section 1-6.4.F of the USPA Governance Manual" (T.d. 18, p.2, ¶1). Plaintiff-appellant's response, exhibit "A", establishes "The Executive Committee has declared you ineligible for membership in accordance with USPA Membership "By-Laws" (T.d. 29, p. 8, ¶1). Defendants-appellees' exhibit "A" establishes "Any member may be censured, suspended, or expelled by the USPA Executive Committee, with such action to be reviewed by the BOD, for causes but not limited to transgression of basic ethical principles as detailed in the Constitution, By-laws, and policies of USPA" (T.d. 18, p. 23, ¶1). Therefore, defendants-appellees' statements are fraudulent as USPA Executive Committee declared plaintiff-appellant ineligible for USPA membership in accordance with USPA membership "by-laws" and not a "disciplinary action investigation" under Section 1-6.4.F which constituted a

7

breach of plaintiff-appellant's USPA membership. Further defendants-appellees' statements are fraudulent, by the use of deception, misrepresentation, or any conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, which defrauded the trial court. Additionally, the trial court relied upon defendants-appellees' fraudulent statements and specifically state (1) "Redding was not a member at the time" (T.d 41, p. 4, ¶2); and (2) "Redding has not alleged proximate cause" (T.d. 41, p. 7, ¶2). Consequently, the trial court committed fraud, excusable neglect, misconduct, or any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, under Civ. R. 60(B)(1) - (5) pursuant to R.C § 2913.01(A) - (C), and R.C. § 2913.43(A) - (B), which deprived plaintiff-appellant's substantial right to a jury trial under R.C § 2505.02(B) and R.C § 2505.02(B)(1) in which a pecuniary obligation, the complaint, is incurred. (Sic throughout.)

{¶18} Appellant's second assignment of error appears to recycle the same arguments alleged under his first assigned error. Because the allegations are essentially duplicative of those already addressed, his second assignment of error lacks merit.

{¶19} Appellant's third assigned error reads:

The defendants-appellees' committed extrinsic fraud and excusable neglect by the use of deception and misrepresentation in their motion to dismiss under Civ. R. 60(B)(l) - (5), pursuant to R.C § 2913.01(A) - (C), and R.C. § 2913.43(A)-(B). Defendants-appellees' "knowingly" state (1) "the Governance manual did not create any contractual rights"; (2) "nor any contract on Defendants" (T.d 18, p. 3, ¶2); and (3) "nowhere in the Manual does it state that it is a binding contract between the USPA and members" (T.d. 18, p. 5, ¶2). Despite defendants-appellees' exhibit "A", the USPA Governance Manual, Appendix C Section 1 states "In a membership organization like the USPA, disciplinary proceedings and other disputes are best resolved within the organization. Accordingly, the USPA's Board of Directors has adopted this policy as part of USPA's members' contracts of membership with the USPA (including group members' contracts of membership) to encourage resolution within the organization" (T.d. 18, p. 99, ¶2). The USPA Governance Manual is a contract bound by the laws of this state pursuant to R.C 2307.39. Further, "Since it is not possible for USPA to revoke the membership and ratings of a non-current member" (T.d. 18, p. 42, ¶9), plaintiff-appellant was indisputably "a member of the USPA from March 31, 2004 through June 30, 2021" (T.d. 41, p. 2, ¶3). Therefore, defendants-appellees'

8

statements are fraudulent as the Governance Manual is a contract between USPA and it's members. Additionally, defendants-appellees knowingly made fraudulent statements, or any conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law under Civ. R. 60(B)(1)-(5) pursuant to R.C § 2913.01(A)-(C). Consequently, defendants-appellees' obtained, by deception, some benefit for oneself or defendants', or to "knowingly" cause, by deception, some detriment to plaintiff-appellant and caused the trial court to execute an order on their motion to dismiss, which is any writing obtained by deception under R.C § 2913.43(A) - (B). Furthermore, defendants-appellees' deprived Redding's substantial right to a jury trial under R.C § 2505.02(B) and R.C § 2505.02(B)(1) in which a pecuniary obligation, the complaint, is incurred. (Sic throughout.)

{¶20} Similar to his second assignment of error, appellant reiterates many of the same points as he did in his first assignment of error under his third assigned error. He points, however, to Appendix C, Section 1 of the Manual as providing some indicia of a contractual relationship between himself and USPA. That Section, entitled "Internal Resolution Policy," provides, in relevant part:

> In a membership organization like the USPA, disciplinary proceedings and other disputes are best resolved within the organization, if possible, through simple procedures administered promptly and fairly. Accordingly, the USPA's Board of Directors has adopted this Policy as part of the USPA members' contracts of membership with the USPA (including group members' contracts of membership), to encourage resolution within the organization.

{¶21} While the above clause indicates that membership with the USPA constitutes a contract, we previously concluded that, under these facts, appellant, at the relevant time, was a non-member. As a result, he was not a member of the organization when his membership was not renewed. His point is therefore without merit.

{¶22} Appellant's third assignment of error lacks merit.

{¶23} Appellant's fourth assigned error reads:

> The defendants-appellees committed extrinsic fraud and excusable neglect, by the use of deception and misrepresentation, or any

9

conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law in their motion to dismiss under Civ. R. 60(B)(1) - (5), pursuant to R.C § 2913.01(A)-(C), and R.C. § 2913.43(A)-(B). Defendants-appellees' statement in their motion to dismiss." The USPA made this decision pursuant to the procedures applicable to non-members set forth in Section 1-6.4.F of the USPA Governance Manual" {T.d. 18, p.2, ¶1). Plaintiff-appellant's response, exhibit "A", establishes "The Executive Committee has declared you ineligible for membership in accordance with USPA Membership "By-Laws" (T.d. 29, p. 8, ¶1). Defendants-appellees' exhibit "A" establishes "Any member may be censured, suspended, or expelled by the USPA Executive Committee, with such action to be reviewed by the BOD, for causes but not limited to transgression of basic ethical principles as detailed in the Constitution, By-laws, and policies of USPA" (T.d. 18, p. 23, ¶1). Additionally, defendants-appellees' state "During all times alleged in the Complaint, USPA had a Governance Manual, it also contains guidelines for disciplinary actions against both members and nonmembers, including denying membership" (T.d 18, p. 5, ¶2). Therefore, defendants-appellees' admit in their own words the USPA breached plaintiff-appellant's USPA membership in accordance with Section 1-6.4.F of the USPA Governance Manual (T.d. 41, p. 42, ¶¶7-9). Further, defendants-appellees admit the Governance Manual contains guidelines for disciplinary actions against both members and nonmembers, and USPA denied plaintiff-appellant's USPA membership. The USPA Governance Manual is a contract and/or agreement bound by the laws of this state pursuant to R.C 2307.39. Consequently, defendants-appellees fraudulent statements committed fraud, excusable neglect, or other misconduct under Civ. R. 60(B)(1) - (5) pursuant to R.C § 2913.01(A) - (C), and R.C. § 2913.43(A)-(B), which deprived plaintiff-appellant's substantial right to a jury trial under R.C § 2505.02(B) and R.C. § 2505.02(B)(1) in which a pecuniary obligation, the complaint, is incurred. (Sic throughout.)

{¶24} Appellant's assertions under this assignment of error mirror those previously asserted. Thus, the assigned error lacks merit.

{¶25} Appellant's fifth assigned error reads:

The trial court abused it's discretion and committed prejudicial erroneous error by citing a non-party in reference to plaintiff-appellant's claims, under Civ. R. 71. The trial court cited a non-party USPS to Redding's Intentional Interference with a Business claim stating: "Moreover, the USPS is not alleged to have known about any

10

prospective contract for future employment (T.d. 41, p. 8, f.n. 8). Defendants-appellees' exhibit "A", the USPA Governance Manual, Appendix C Section 1 states. "In a membership organization like the USPA, disciplinary proceedings and other disputes are best resolved within the organization. Accordingly, the USPA's Board of Directors has adopted this policy as part of USPA's members' contracts of membership with the USP A (including group members' contracts of membership) to encourage resolution within the organization" (T.d. 18, p. 99, ¶2). The USPA Governance Manual is a contract bound by the laws of this state pursuant to R.C 2307.39. Therefore, plaintiff-appellant did have a USPA membership contract of membership with the USPA. Further, when an order is made in favor of a person who is not a party to the action, Redding may enforce obedience to the order; and, when obedience to an order may be lawfully enforced against a person who is not a party, the trial court is liable for enforcing obedience to the order. Consequently, the trial court committed fraud, excusable neglect, or other misconduct under Civ. R. 60(B)(1) - (5) pursuant to R.C § 2913.01(A) - (C), and R.C. § 2913.43(A) - (B), which deprived appellant's ("Redding") substantial right to a jury trial under R.C § 2505.02(B) and R.C § 2505.02(B)(1) in which a pecuniary obligation, the complaint, is incurred. (Sic throughout.)

{¶26} Appellant takes issue with a purported clerical error in the trial court's judgment where, he claims, the court denoted "USPA" and "USPS." Appellant asserts this error occurred in the trial court's analysis of his "intentional interference with a business interest" claim. A review of the judgment does not support appellant's accusation. Regardless, even if the court wrongfully designated USPA as USPS at one point in the judgment, it is apparent from the manner in which the trial court addressed the issues any such misidentification was an accident. We therefore conclude, when viewed in relation to the entirety of the judgment, this error was inadvertent and non-prejudicial.

{¶27} Any remaining point advanced under this assigned error has been addressed supra.

{¶28} Appellant's fifth assignment of error lacks merit.

11

Case No. 2022-G-0024

**{¶29}** Appellant's sixth assigned error reads:

> The trial court abused it's discretion by not considering the manifest weight of the evidence against plaintiff-appellant as defendants-appellees' exhibits "A" (T.d. 18, pp. 16- 100) and exhibit "B" (T.d. 18, pp. 101-148) establishes plaintiff-appellant's complaint in it's entirety, which effected his substantial right to a jury trial under R.C § 2505.02(B), R.C § 2505(B)(l) and ruling on the pleadings under Civ. R. 12(C), pursuant to Civ.R 12(B)(6). (Sic throughout.)

**{¶30}** Under his final assignment of error, appellant claims the trial court erred in failing to consider the manifest weight of the evidence (namely, the Manual) in dismissing his complaint. We do not agree.

**{¶31}** Initially, we do not review a trial court's judgment dismissing a complaint using a manifest-weight standard. Civ.R. 12(C) motions are specifically for resolving questions of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). In ruling on a Civ.R. 12(C) motion, the court is permitted to consider both the complaint and answer. *Id.* at 569. "A court must construe as true all of the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." (Citation omitted.) *State ex rel. Montgomery v. Purchase Plus Buyer's Group, Inc.* 10th Dist. Franklin No. 01AP-1073, 2002 WL 723707 (Apr. 25, 2002). To grant the motion, the court must find beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Pontious* at 570. Our review of the appropriateness of judgment on the pleadings is de novo. *Fontbank, Inc. v. CompuServe, Inc.,* 138 Ohio App.3d 801, 742 N.E.2d 674 (10th Dist.2000).

12

Case No. 2022-G-0024

**{¶32}** As discussed under appellant's first assignment of error, there was no contract between appellees and appellant at the time appellant alleged a breach. Thus, the trial court did not err in dismissing that claim.

**{¶33}** Next, appellant alleged appellees were negligent. To assert a claim for negligence, a party must allege a duty owed by defendants, a breach of that duty, causation, and damages. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). The existence of a duty in a negligence action is a question of law for the court to determine. *See Wheeling & L.E.R. Co. v. Harvey*, 77 Ohio St. 235, 240, 83 N.E.66 (1907). "There is no formula for ascertaining whether a duty exists." *Mussivand* at 318. "Duty '* * * is the court's "expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection."' (Prosser, Law of Torts (4th ed. 1971) pp. 325-326.)" *Mussivand* at 318, quoting *Weirum v. RKO General, Inc.*, 15 Cal.3d 40, 46, 123 Cal.Rptr. 468, 471, 539 P.2d 36, 39 (1975).

**{¶34}** In his complaint, appellant alleged the Manual imposed a legal duty to treat him "in the same manner as all other individual and Group Members." As previously noted, he was not a member at the time he alleged he was harmed. Moreover, as also discussed above, USPA followed the manual for denying appellant's requested renewal. In this regard, he was actually treated, pursuant to the manual, as any other non-member might be treated. The trial court therefore did not err in dismissing the negligence claim.

**{¶35}** Next, appellant alleged a "self-dealing" claim pursuant to R.C. 1729.24. Appellant claims that certain appellees sought to exact revenge against him for filing complaints with the FAA. R.C. 1729.24, however, addresses voiding contracts or transactions between a business association and other individuals under certain

13

circumstances. As appellant has no contract with any of the named parties, it is unclear how R.C. 1729.24 is in any way applicable to these facts. The trial court did not err in dismissing this claim.

{¶36} Appellant also asserted violation of the Sarbanes-Oxley Act. This claim is based upon appellant's allegation that his purported status as a "whistleblower" caused the USPA (no other named appellees are addressed in the complaint) to unlawfully retaliate against him via conspiring to deny him USPA membership.

{¶37} To set forth a whistleblower claim under the Sarbanes-Oxley Act, a plaintiff must first establish a prima facie case by proving, by a preponderance of the evidence, "that: (1) [he or] she engaged in protected activity; (2) the employer knew that [he or] she engaged in the protected activity; (3) [he or] she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." (Internal citations and footnotes omitted.) *Allen v. Admin. Review Bd.,* 514 F.3d 468, 475-76 (5th Cir.2008). In order to set forth a cognizable claim under the Sarbanes-Oxley Act, an employer/employee relationship is necessary. *See, e.g., Feldman v. Law Enforcement Associates Corp.*, 752 F.3d 339, 344 (4th Cir.2014). Appellant does not allege he was engaged in a protected activity when he filed complaints with the FAA or when he was denied membership. More importantly, however, he does not allege he was ever employed by the USPA. And appellant cites to the USPA's whistleblower policy in the manual, which states "[n]o adverse employment action may be taken and retaliation is strictly prohibited * * * against any Covered Person who in good faith reports any Concern * * *. A "Covered Person," pursuant to the manual is an employee of or contractor with the organization. The trial court therefore did not err in denying this claim.

14

{¶38} Next, appellant argues the trial court erred in dismissing his intentional interference with a business interest claim. "The elements of tortious interference with a business relationship are (1) a business relationship, (2) the tortfeasor's knowledge thereof, (3) an intentional interference causing a breach or termination of the relationship, and, (4) damages resulting therefrom." (Citation omitted.) *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, 774 N.E.2d 775, ¶23 (3d Dist.)

{¶39} In his complaint, appellant alleged that he was a past employee/independent contractor at various parachute drop zones, including with Cleveland Skydiving Center. He then claimed that his USPA membership was terminated due to the wrongful actions of appellees. He claimed that he is unable to seek employment in the industry without a USPA membership. Appellant failed to allege that any appellee had any knowledge of any business relationship he possessed with area drop zones; moreover, although he claimed his membership was terminated by appellees' "wrongful" actions, he does not specifically assert appellees' intentional actions caused a breach of any business relationship of which appellees were, or in particular, USPA was aware. In sum, appellant failed to sufficiently plead the tort of intentional interference with a business relationship. The trial court did not err in dismissing this claim.

{¶40} Appellant next claims that appellees breached a duty of good faith and fair dealing. In the complaint, he points out that "[e]very contract imposes upon each party a promise and duty of good faith and fair dealing in its performance and enforcement." As discussed previously, however, appellant failed to establish the existence of a contract. "Courts in Ohio have therefore recognized that there is no independent cause of action

15

for breach of the implied duty of good faith and fair dealing apart from a breach of the underlying contract." (Citations omitted.) *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.2d 458, ¶44. Accordingly, the trial court did not err in dismissing this claim.

{¶41} Appellant next asserted an Ohio Whistleblower claim pursuant to R.C. 4113.52. To have a statutory cause of action, appellant must have been an employee. Appellant only alleged he had been an employee of one of the listed appellees, Cleveland Skydiving Center. Appellant asserted his employment relationship was severed due to the termination of his USPA membership. Appellant additionally alleged that each of the named appellees retaliated against him for filing complaints with the FAA by banning him from their jump zones and working together to prevent him from renewing his USPA membership.

{¶42} The Supreme Court of Ohio has observed:

> R.C. 4113.52(A)(1) protects an employee for reporting certain information to outside authorities *only* if the following requirements have first been satisfied: (1) the employee provided the required oral notification to the employee's supervisor or other responsible officer of the employer, (2) the employee filed a written report with the supervisor or other responsible officer, and (3) the employer failed to correct the violation or to make a reasonable and good faith effort to correct the violation." (Emphasis original.) *Contreras v. Ferro Corp.*, 73 Ohio St.3d 244, 248, 652 N.E.2d 940 (1995).

{¶43} The complaint alleged certain named appellees were notified of potential violations. "The statute mandates that the employer be informed of the violation both orally and in writing. An employee who fails to provide the employer with the required oral notification and written report is not entitled to statutory protection for reporting the information to outside authorities." *Id.*

16

{¶44} It is unclear whether appellant both orally notified his alleged employer, Cleveland Skydiving Center *and* filed a written report. Still, reviewing the complaint in appellant's favor, his allegation is sufficient to overcome a motion to dismiss. And, to the extent discovery is, at best, incomplete, we cannot say that appellant's complaint with the FAA lacked substantive merit or was otherwise frivolous. Hence, it would be inappropriate to dispose of his R.C. 4113.52 count at the dismissal stage. As a result, the judgment, as it relates to the claim against defendant/appellee Cleveland Skydiving Center, must be reversed and remanded for further proceedings. As it relates to all other defendants/appellees, the trial court's judgment is affirmed.

{¶45} Moreover, Courts interpreting the above statute have found that, "[t]o prove a claim under § 4113.52, a plaintiff must show that: (1) he is entitled to protection under the [Whistleblower] act; (2) he was subject to an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." (Citations omitted.) *Dobrski v. Ford Motor Co.,* 698 F.Supp.2d 966, 978 (N.D.Ohio 2010), citing *Klepsky v. United Parcel Service, Inc.*, 489 F.3d 264, 271 (6th Cir.2007).

> With regard to the first of these elements, [Section] 4113.52 sets forth three circumstances in which an employee is protected for whistleblowing activity: Section (A)(1) addresses reports of violations of law 'that the employee's employer has authority to correct;' Section (A)(2) deals with the reporting of criminal violations of the State's environmental laws; and Section (A)(3) addresses an employee's complaints of 'violations by a fellow employee.'

*Ehrlich v. Kovack*, 135 F.Supp.3d 638, 651-652 (N.D. Ohio 2015), quoting R.C.4113.52(A).

{¶46} If appellant was an employee of Cleveland Skydiving Center, he may be entitled to protection. If his employment was severed due to legitimate complaints he

17

filed with the FAA, there was an arguable connection between an alleged protected activity and the purported adverse employment action. In this respect, we conclude appellant sufficiently pleaded the R.C. 4113.52 action such that it, as a matter of law, should withstand appellees' motion to dismiss.

{¶47} Finally, appellant sought injunctive relief. In the complaint, he alleged:

> Without just cause, legal justification or due process, Defendant USPA has revoked Plaintiff's membership and by such action has caused and will continue to cause Plaintiff immediate and irrevocable harm in that: a. Plaintiff will suffer a loss and diversion of his opportunities and ability to jump; b. Plaintiff will continue to suffer a loss of employment in the industry; c. Plaintiff will suffer damage to his position.

Appellant asked the trial court to "immediately and permanently enjoin Defendants from decertifying Plaintiff and to restore Plaintiff's status as a good standing member of the USPA."

{¶48} Initially, the USPA did not "revoke" appellant's membership. It simply did not accept his membership renewal. Appellant's characterization of the USPA's decision not to accept his renewal application is therefore inaccurate. Moreover, it is unclear what appellant means by "decertifying." He alleges, unless he is a member of the USPA, he will not have the opportunity to skydive in the future. Still, membership does not necessarily imply a form of certification.

{¶49} A prohibitory injunction preserves the status quo by enjoining a defendant from performing the challenged acts in the future. *State ex rel. Leslie v. Ohio Hous. Fin. Agency,* 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶50. A mandatory injunction, however, is an extraordinary remedy that compels the defendant to restore a

18

party's rights through an affirmative action. *Gratz v. Lake Erie & W.R. Co.*, 76 Ohio St. 230, 233, 81 N.E. 239 (1907).

> To state a claim for injunctive relief, a litigant must show that (1) it is likely to succeed on the merits of the case, (2) the issuance of the injunction will prevent irreparable harm, (3) the potential injury that may be suffered [if the injunction is granted] will not outweigh the potential injury suffered * * * if the injunction is not granted, and (4) the public interest will be served by the granting of the injunction.

*Cleveland v. Cleveland Elec. Illuminating Co.*, 115 Ohio App.3d 1, 12, 684 N.E.2d 343 (8th Dist.1996).

{¶50} "It is well-established that in order to obtain an injunction, the moving party must show by clear and convincing evidence that immediate and irreparable injury, loss or damage will result to the applicant and that no adequate remedy at law exists. Actual irreparable harm usually may not be presumed but must be proved." (Internal citation omitted.) *Middletown v. Butler Cty. Bd. of Cty. Commrs.*, 12th Dist. Butler No. CA94-03-084, 1995 WL 55320, *2 (Feb. 13, 1995). Injunctive relief may also be available "to the extent that irreparable harm is actually threatened." *Id.* Irreparable injury or harm has been defined as "an injury 'for the redress of which, after its occurrence, there could be no plain, adequate and complete remedy at law, and for which restitution in specie (money) would be impossible, difficult or incomplete.'" (Citations omitted.) *Connor Group v. Raney*, 2d Dist. Montgomery No. 26653, 2016-Ohio-2959, ¶21, quoting *Dimension Serv. Corp. v. First Colonial Ins. Co.*, 10th Dist. Franklin, No. 14 AP-368, 2014-Ohio-5108, ¶12.

{¶51} The trial court, in dismissing appellant's claim, stated appellant had not established any of the elements necessary for injunctive relief. At the dismissal stage, however, a party does not have to specifically show each element of his or her cause of

19

action.  With this in mind, it is unclear whether appellant has a "right" to have his membership reinstated or whether the trial court would have authority to "permanently" prevent appellees from "decertifying" him.

{¶52} Appellant's R.C. 4113.52 claim was sufficiently pleaded against the Cleveland Skydiving Center *only.*  It does not appear from the complaint that Cleveland Skydiving Center controls or has a material voice in the USPA's decision to renew or reject a membership request.  Moreover, appellant's complaint alleges he cannot skydive anywhere without a USPA membership and, as such, it does not appear from the face of the complaint that Cleveland Skydiving Center has any authority to "certify" or "decertify" him.  And, in appellant's prayer for relief, he seeks a "[t]emporary and [p]ermanent [i]njunction restoring [his] USPA membership immediately * * *."  As a result, we conclude the trial court did not err in dismissing appellant's claim against Cleveland Skydiving Center (or any of the remaining appellees) for injunctive relief.

{¶53}  Appellant's sixth assignment of error is without merit.

{¶54}  For the reasons discussed in this opinion, the trial court's judgment is affirmed in part, reversed in part, and remanded for further proceedings.  To wit, in light of the manner in which appellant's complaint was pleaded, Count VII, his R.C. 4113.52 claim remains viable.  Counts I through VI, as well as Count VIII, however, were properly dismissed.


JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.